THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CATANZARO,
286 UPPER POWDERLY STREET
CARBONDALE, PA 18407

        Plaintiff,

    VS.

MATTEL, INC.,
WAL-MART STORES, INC.,
TARGET CORPORATION,
TOYS "R" US, INC.,
KOHL'S DEPARTMENT STORES,
AMAZON.COM, INC.,
KMART CORPORATION,
and DOES 1 THROUGH 50

      Defendants.

Case No. _3:CV-15-527_

Judge_____

Magistrate Judge _____

JURY TRIAL DEMANDED

FILED
SCRANTON

MAR 1 6 2015

PER _____
        DEPUTY CLERK

## PLAINTIFF'S VERIFIED COMPLAINT FOR PATENT INFRINGEMENT

    Plaintiff, David Catanzaro ("Plaintiff" or "Mr. Catanzaro"), complains of Mattel, Inc.

("Mattel"), Wal-Mart Stores, Inc. ("Wal-Mart"), Target Corporation ("Target"), Toys "R"

Us, Inc. ("Toys "R" Us"), Kohl's Department Stores ("Kohl's"), Amazon.com, Inc.

("Amazon") and Kmart Corporation ("Kmart") as follows:

## I.    JURISDICTION.

1.    This is a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code.  This Court and other federal district courts have exclusive jurisdiction over the subject matter of this case under 28 U.S.C.§ 1338(a).

## II.    VENUE.

2.    Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.  Further, venue is proper as to each defendant under 28 U.S.C. §1400(b).

## III.    PARTIES.

3.    Plaintiff currently resides at 286 Upper Powderly St., Carbondale, PA 18407. Plaintiff is the owner of United States Patent No.7,653,959 B1 (the "'959 patent"), entitled "Article Assembly," that issued on February 2, 2010.  Plaintiff has the sole right to sue for infringement of said patent.  A copy of the '959 patent is attached hereto as **Exhibit A.**

4.    Upon information and belief, Defendant Mattel is a California corporation with its principal place of business at 333 Continental Blvd., El Segundo, CA 90245

5.    Upon information and belief, Defendant Wal-Mart is an Arkansas corporation with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716.

6.    Upon information and belief, Defendant Target is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

7.    Upon information and belief, Defendant Toys "R" Us is a New Jersey corporation with its principal place of business at 1 Geoffrey Way, Wayne, New Jersey 07470.

8.     Upon information and belief, Defendant Kohl's is a Wisconsin corporation with its principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

9.     Upon information and belief, Defendant Amazon is a Delaware corporation with its principal place of business at 1200 12th Avenue, South Suite 1200, Seattle, Washington 98144.

10.     Upon information and belief, Defendant Kmart is a Illinois corporation with its principal place of business at 3333 Beverly Rd., Hoffman Estates, Illinois 60179.

11.     Plaintiff does not know the true identities of fictitious Defendants Does 1 through 50, but reserves the right to amend this complaint to add said defendants upon discovery of their true identities.

12.     This court has personal jurisdiction over each of the named Defendants.

## IV. RELEVANT MATTER

13.     The "959 patent is a continuation of U.S. Patent No. 6,026,532 (the "532 patent") which was assigned to the Church & Dwight Co. on February 28, 2011, as part of a settlement agreement during a patent infringement lawsuit ( *David Catanzaro v. Procter & Gamble Co. et al.)*

14.     The '959 patent contained a Terminal Disclaimer whereby the Disclaimer stated that joint ownership of the '532 and '959 patent was required for the '959 patent to be enforceable.

15.     It is believed Church & Dwight allowed the '532 patent to expire intentionally in February, 2012 for lack of paying the required maintenance fee.

16.    Plaintiff filed a legal malpractice case in the Northern District of Ohio on

May 2, 2013 against the attorneys who represented Plaintiff in the *Procter & Gamble Co.*

*et al.* lawsuit (*Case No. 1:13 CV 996 Catanzaro vs. Seamon Garson et al*).

17.    Within the pleadings of the above stated malpractice case Plaintiff alleged

that he was induced to enter into a Patent Purchases, Settlement Agreement which caused

Plaintiff to alienate his interest in the '532 patent and to give up his interest in the '959

patent.

18.    Defendants maintained that the '959 patent was still enforceable, and that

Plaintiff did not lose the right to enforce the '959 patent as a direct result of the expiration

of '532 patent.

19.    After near 20 months of litigation, Judge Dan A. Polster presiding Judge in

the legal malpractice case, issued an order on December 15, 2014 (hereto as **Exhibit B**)

stating that the court cannot issue an advisory opinion on the enforceability or

unenforceability of the '959 patent and demanded that a judicial determination or order

must be made within the context of a Patent infringement lawsuit.

20.    Judge Dan A. Polster dismissed the case without prejudice and tolled the

statue of limitations until there is a final judgment in a patent infringement litigation

involving the '959 patent.

21.    As a direct result of information exchanged and obtained in the malpractice

lawsuit, along with the directed order imposed by Judge Polster to obtain a final order in an

infringement action to know for certain the current status of the '959 patent and to be able

to reopen the malpractice case, Plaintiff has 'sufficient reason and belief' to presently

assert that the '959 patent is enforceable.

## IV.    CLAIMS.

### COUNT I – DECLARATORY JUDGMENT

22.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21, inclusive.

23.    An actual, present and justiciable controversy has arisen between Plaintiff and Defendants regarding the '959 patent.

24.    Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Plaintiff seeks declaratory judgment from this Court that Defendants have infringed upon the '959 patent.

### COUNT II – PATENT INFRINGEMENT

25.    Defendant Mattel transacts business in this judicial district related to the '959 patent, without a license or permission from plaintiff.  Defendant has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '959 patent.  Defendant did so by manufacturing, having manufactured, importing, using, offering for sale and/or selling products that embody and/or practice the patented invention, known as:

1.  *Barbie I Can Be...Splash and Spin Dolphin Trainer Doll*

2.  *Mega Bloks "Billy Beats" Dancing Piano*

3.  *Minnie Mouse Bow-tique product line (all varieties and variations), including:*

    a.  *Minnie Mouse Orange Swirl Bow-tique*

    b.  *Minnie and Figaro Bath Time Bow-tique*

    c.  *Minnie Lollipop Shop Bow-tique*

    d.  *Minnie Posh Poodle Bow-tique*

    e. *Minnie Cupcake Bow-tique*

    f. *Minnie Fashion Ride Bow-tique*

    g. *Minnie Mouse Sweets and Treats Truck*

    h. *Minnie Mouse Pepperment Twist Buggy*

    i. *And any other additional product lines*

26.     Upon information and belief, Mattel manufactured, imported, used, offered for sale and/or sold the above stated product lines after February 1, 2010.

27.     Defendant's Wal-Mart, Target, Toys "R" Us, Kohl's, Amazon and Kmart, transact business in this judicial district and have committed acts of infringement in this judicial district by offering for sale and selling the stated product lines on and after February 1, 2010.

28.     Plaintiff seeks damages for patent infringement against Defendants for the maximum period of time permitted by law.

29.     Defendants have directly infringed at least claims 1, 4, 5 and 8 of the '959 patent in violation of 35 U.S.C. § 271(a). Upon information and belief, defendants have also infringed at least claims 1, 4, 5 and 8 of the '959 patent by knowingly and actively inducing others to infringe in violation of 35 U.S.C. § 271(b).

30.     Upon information and belief, defendants' infringement of the '959 patent have been willful and deliberate. Defendants' infringement has injured plaintiff.

## V.    PRAYER FOR RELIEF.

WHEREFORE, plaintiff, David Catanzaro, respectfully requests that this Court enter Judgment against defendants and against their subsidiaries, successors, parents, affiliates, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A.  Issue a declaratory judgment stating that Defendants have infringed the '959 patent;

B.  Order an award of damages adequate to compensate plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

C.  Issue a finding that defendants' acts of infringement have been willful and ordering an award of increased damages as provided by 35 U.S.C. § 284;

D.  Order defendants to pay plaintiff's reasonable attorney fees and costs of this action; and,

E.  Order such other relief that plaintiff is entitled to under law and any other further relief that this Court or jury may deem just and proper.

## VI.    JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues presented in this complaint.


Respectfully submitted,


_____

David Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 282-4889
E-mail: davidjosephus@aol.com

```
Court Name: District Court
Division: 3
Receipt Number: 333043349
Cashier ID: tscott
Transaction Date: 03/16/2015
Payer Name: DAVID CATANZARO
------------------------------------
CIVIL FILING FEE
 For: DAVID CATANZARO
 Case/Party: D-PAM-3-15-CV-000524-001
 Amount:        $400.00
CIVIL FILING FEE
 For: DAVID CATANZARO
 Case/Party: D-PAM-3-15-CV-000526-001
 Amount:        $400.00
CIVIL FILING FEE
 For: DAVID CATANZARO
 Case/Party: D-PAM-3-15-CV-000527-001
 Amount:        $400.00
CIVIL FILING FEE
 For: DAVID CATANZARO
 Case/Party: D-PAM-3-15-CV-000528-001
 Amount:        $400.00
CIVIL FILING FEE
 For: DAVID CATANZARO
 Case/Party: D-PAM-3-15-CV-000529-001
 Amount:        $400.00
------------------------------------
CREDIT CARD
 Amt Tendered:  $2,000.00
------------------------------------
Total Due:      $2,000.00
Total Tendered: $2,000.00
Change Amt:     $0.00


Only when bank clears the check or
verifies credit of funds is the fee
or debit officially paid or
discharged. A $53.00 fee will be
charged for returned checks.
```